## No. 66

### DUCKWITZ et v. WOLF et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5774. Decided May 25, 1925

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

1101. SPECIFIC PERFORMANCE—Where the evidence is clear and convincing that a deed does not express the true description of the property the parties had in mind, specific performance will lie to reform the deed so as to conform to their true understanding.

MAUCK, PJ.

Louise Duckwitz et al. were heirs at law of August Kobs, the grantor in a deed of sub-lot No. 52 in City View Allotment made by them to Joseph and Catherine Wolf. By their amended petition filed in the Cuyahoga Common Pleas, Duckwitz et al. prayed for specific per-

## STATE COURT OF APPEALS—Continued

formance, asking reformation of the deed so as to exclude 25 feet from the rear of said sub-lot 52.

The testimony shows that this 25 feet which was acquired by Kobs prior to the execution of the deed was and situated west of his lots Nos. 51 and 54 which were situated immediately north and north-west respectively of Lot No. 52. The 25 feet strip was used by Kobs with his lot 54 upon which he built a duplex residence extending 3 or 4 feet on lots 51 and 52, Lot 52 during all this time being used as business property.

Wolf admitted that nothing was said as to where the rear line of his lot should be, but maintained that inasmuch as he expected to get part of the 25 feet, specific performance would not lie because the record did not show such mutual mistake as would warrant reformation of the deed. The Common Pleas ordered reformation of the deed so as to exclude the 25 feet; and Wolf filed an appeal. The Court of Appeals held:

1. Wolf was familiar with the situation of the property during the negotiation of the deal, and the testimony is clear and convincing that Wolf never expected to secure that part of sub-lot 52 occupied by the residence and it equally clear and convincing that Kobs never intended to convey to Wolf the 25 feet.

2. The testimony of witnesses, if correct, shows that Wolf made admissions to them indicating that he never suspected to have owned any part of the 25 feet until shortly before this action was brought, and the circumstances disclose that he bought the property with reference to the business property which did not cover any part of the 25 feet.

3. From all the testimony and circumstances, it is clear the deed did not express the true description of the property the parties had in mind.

Order of the Common Pleas sustained.

Attorneys—F. H. Marvin for Duckwitz et; Bernon, Mulligan, Keeley and Le Fever for Wolf; all of Cleveland.